581 A.2d 674

Mary NESSA

v.

Neil NESSA, Appellant.

Superior Court of Pennsylvania.

Argued June 7, 1990.
Decided Oct. 23, 1990.

Kathryn G. Carlson, Doylestown, for appellant.
John D. Conroy, Doylestown, for appellee.

Before CAVANAUGH, TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

Appellant/husband and appellee/wife were married on March 18, 1966 and two children were born of the marriage, Christopher, age 22 and Catherine, age 16. Following the filing of husband's complaint in divorce, a property settle-

ment agreement was executed by the parties on April 22, 1983 and incorporated into the divorce decree on May 2, 1983. At the time of their divorce, husband was a pilot for Pan American Airlines (Pan Am) and had additional sources of income. The agreement provided for $1,400 per month unallocated family support payments which were to continue for ten years despite the eventual emancipation of the older child. It was also provided that the payments in the final five years would increase at a fixed rate if husband continued to be employed by Pan Am. Unfortunately, as of August 1, 1989, husband was no longer employed with Pan Am and began receiving retirement disability income due to his suffering from cancer.

Because of the change in circumstances, specifically, husband's illness and his extraordinary medical expenses, his change in income and his son's completion of college, husband petitioned the court to modify the support Order. Wife argued the property settlement agreement acted as a bar to the court taking any action to modify the Order. The trial court agreed and denied husband's petition.

On appeal, husband argues a separate support Order was entered on August 29, 1983, based upon the support terms of the property settlement agreement. While the agreement itself may be non-modifiable, the separate support Order based on the terms of the agreement is modifiable. Husband relies on *Sonder v. Sonder*, 378 Pa.Super. 474, 549 A.2d 155 (1988), and cases following to prove the Order was modifiable regardless of whether or not the support agreement was. Although we agree *Sonder* is controlling, we reach a different conclusion from husband and affirm the Order of the trial court.[1]

The separate support Order which husband argues is modifiable was a domestic relations office form, signed by the parties, to effectuate the support terms of the property settlement agreement. Husband cannot now claim this

1. The trial court found *Sonder* was not controlling but relied on a different line of case law to support its ruling that the separation agreement and decree was a bar to husband's petition to modify.

support Order was entered separately, pursuant to a new complaint with independent consideration from the agreement, making it modifiable. The Order was entered for the purpose of making the agreed upon payments through the domestic relations office; it was not a new and separate Order. For this reason, the instant case is *not* virtually identical to *Knorr v. Knorr*, 380 Pa.Super. 11, 550 A.2d 1338 (1988), as husband claims. In *Knorr*, the parties entered a marital settlement agreement which provided for husband to pay $200 per month in support until husband gained employment. At that time, the required payment would be determined by the support guidelines of the court of common pleas. Approximately eight months later, wife filed a complaint for support and as a result, the court entered an Order by consent of the parties which provided for support payments of $200 per month which was specifically enforceable by the court's contempt powers. This Court held that such an Order is modifiable because it had been entered in response to a separate petition by wife and was specifically made enforceable pursuant to the court's contempt powers.

In the instant case, the property settlement agreement, incorporated into but not merged with the divorce decree, is the actual focus of husband's petition to modify. His current circumstances are such that he wants to change the agreement. The pertinent sections of the agreement are as follows:

ARTICLE VIII—FAMILY SUPPORT

Pursuant to Section 71(b) of the Internal Revenue Code, the "HUSBAND" shall pay the amount of One Thousand Four Hundred ($1,400.00) Dollars per month as and for family support to the "WIFE" and minor children of the marriage. All payments herein shall be unallocated. Such payments shall be made through the Office of Domestic Relations, Bucks County, Pennsylvania, commencing May 1, 1983 and shall continue until June 1, 1993 for a total of 121 consecutive payments. Thereafter, payments for "WIFE" shall cease. However, at that

time, to the extent that the youngest child has not been emancipated, support shall be determined based on the circumstances of the parties and the status of the youngest child in accordance with the law of the Commonwealth of Pennsylvania.

. . . .

·   The payment of the One Thousand Four Hundred ($1,400.00) Dollars per month and increases theron [sic] set forth herein shall not be reduced when the oldest child becomes emancipated.

The payment of the One Thousand Four Hundred ($1,400.00) Dollars and increases thereon for the full term provided shall be binding on the heirs of the "HUSBAND" and shall be a lien against his estate in the event of his death, only if the life insurance set forth in Article XII herein, is not in full force and effect at the time of his death, and is available in the full amount of $100,000.00.

Further the $1,400.00 shall remain fixed for five (5) years and shall not be subject to increase. Thereafter if the "HUSBAND" is still employed by Pan American World Airways, support shall increase 5% per year of the preceding year's payment until the 121 months of payment has been completed.

Pursuant to Internal Revenue Code Section 71, the family support payment shall be included as income on the "WIFE'S" income tax returns beginning in the calendar year 1983. In addition, such payments shall be deemed a deduction on the "HUSBAND'S" income tax return pursuant to Internal Revenue Code Section 215, beginning the same calendar year.

ARTICLE XX—EFFECT OF DIVORCE UPON AGREEMENT

*The parties agree that this Agreement shall be made a part of any decree of divorce or dissolution of marriage in this state or any other state of competent jurisdiction and incorporated therein.* It is further agreed by and between the parties that in the event

"WIFE" or "HUSBAND" obtains a decree in divorce or dissolution of marriage in the Commonwealth of Pennsylvania under the No–Fault Statute, Act 26 of 1980, the parties agree that this Agreement shall be incorporated in the Decree of Divorce or dissolution of marriage in accordance with said Act 26–1980. (Emphasis added.)

ARTICLE XXI—AGREEMENT TO CONTINUE IN EVENT OF DIVORCE

Notwithstanding incorporation of this Agreement in any decree of divorce or dissolution of marriage in this State or any other state of competent jurisdiction, as hereinbefore set forth in Article XX of this Agreement, *this Agreement shall not be merged with any such judgment entered herein, but shall remain in full force and effect* unless and until it is terminated either by mutual written consent of both parties, or to the extent it is appropriately terminated by the death of either party. The failure of either party to insist upon strict performance of any of the provisions of this Agreement shall not be construed as a waiver of any subsequent default of the same or similar nature. *In the event that the marriage of the parties hereto is terminated by divorce, this Agreement shall nevertheless remain in full force and effect, shall continue to have independent legal significance and shall survive such decree or judgment* and shall not in any way be affected thereby, except as provided for herein. (Emphasis added.)

In *Sonder, supra,* husband and wife entered into a property settlement agreement which included provisions for spousal and child support and was expressly made to be incorporated with the divorce decree and not merged therewith. One of the issues we addressed on appeal was the extent to which the agreement survived as a separate, enforceable contract once it was incorporated into the decree.

After explaining that support *Orders* are enforceable by operation of law because they are created by statute and

support *agreements* are governed by the law of contracts and as such are not modifiable by the court, we stated:

> We, therefore, hold that any agreement which speaks of incorporation but rejects merger was intended by the parties not to be brought under the provisions of sections 401, 501(e) and (f) and 503 [of the Divorce Code] for the enforcement of separation agreements. Only by an Order which does not reject merger, or requires court enforcement of the agreement, does it become part of the decree and have the effect of an Order. By renouncing merger and failing to have language in the decree requiring enforcement as a court Order, the contract survives.

*Id.,* 378 Pa.Superior Ct. at 493, 549 A.2d at 165.

> In summation, we hold separation or property settlement agreements for support remain as contracts to be enforced at law or in equity unless they are merged into a divorce decree or court Order. Upon merger, they are superseded as contracts and take on all of the attributes of support Orders for purposes of modification and enforcement.

. . . .

> In this case, since there was no merger, the agreement may not be modified or enforced as a court Order. As a contract, it may be enforced only in accordance with the law regulating contracts through proceedings of law or in equity.

*Id.,* 378 Pa.Superior Ct. at 512–13, 549 A.2d at 175.

This Court, in *Andursky v. Andursky,* 382 Pa.Super. 1, 554 A.2d 571 (1989), applied our ruling in *Sonder* where the language of the property settlement agreement was similar to the agreement in *Sonder.* We found the *Andursky* agreement was a contract, governed by principles of contract law since it was incorporated into but not merged with the divorce decree. The agreement contained a specific

provision for incorporation and not merger, therefore, it survived as a contract and was not modifiable by the court.[2]

The language of the agreement in the instant case compels us to affirm the denial of the petition to modify, notwithstanding husband's unfortunate circumstances. The agreement clearly provides for incorporation and not merger and was intended to have the force and effect of a written contract between the parties, beyond the scope of the divorce decree. The trial court was correct in finding it had no power to modify the agreement.

Order affirmed.

---

**2.** We also hold that this agreement is not affected by the amendment to the Divorce Code, § 401.1(b)(c), added 1988, Feb. 12, P.L. 66, No. 13, as the agreement predated the amendment. The Divorce Code at 23 P.S. § 103 Construction, provides:

. . . . .

This act shall not affect any marital agreement executed prior to the effective date of this act or any amendment or modification thereto.