582 A.2d 666

James A. DeMATTEIS

v.

Joyce DeMATTEIS, Appellant.

Superior Court of Pennsylvania.

Argued March 27, 1990.

Filed Nov. 15, 1990.

422

424

Susan M. Sund, Erie, for appellant.

Stanley G. Berlin, Erie, for appellee.

Before TAMILIA, KELLY and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order of the Court of Common Pleas of Erie County in response to appellee's petition for special relief. The parties were divorced, in a bifurcated proceeding, on May 7, 1986. On January 23, 1987, they executed a marriage separation agreement. Article VIII of this agreement provided for the division of the parties' marital property, including the marital residence. Pursuant to the agreement, appellant/wife was to retain title to the residence subject to two mortgages, with the appellee/husband executing a quitclaim deed in favor of appellant on the

date of the signing of the agreement. The parties also agreed to apply for and obtain refinancing on the property in the form of a joint mortgage. Appellant was then to obtain refinancing of the joint mortgage in her name alone within forty (40) months of the agreement. Furthermore, appellee was to pay appellant a monthly alimony payment and a monthly mortgage payment which appellant was to apply directly to the joint mortgage obligation. Within thirty (30) days of the agreement, appellant was to execute a limited power of attorney which would give appellee the authority to sell the real estate in the event of appellant's default on the mortgage payments. This power of attorney was to expire when appellant obtained refinancing of the joint mortgage.

On May 10, 1989, appellee filed a petition for special relief in which he alleged that appellant was in default of both mortgages and that the mortgagees in both cases had filed complaints in mortgage foreclosure against him and appellant. Appellee requested that the court order appellant to execute a deed to the property in his favor. After proceedings on May 12 and May 19, 1989, the lower court entered an order requiring appellant to execute a quitclaim deed to the property to appellee, and to vacate the residence. The court also ordered that appellee receive full credit for all payments which he made on the mortgages. Furthermore, appellee was to list the property for sale with a bona fide real estate agency. This order was docketed in the lower court on June 1, 1989 and on June 30, 1989, appellant filed the instant timely appeal.

Appellant raises the following issues on appeal:

I. Whether Joyce DeMatteis stipulated to the entry of the order appealed from?

II. Whether it is relevant whether or not Joyce DeMatteis stipulated to the entry of the order appealed from?

III. Whether this is an interlocutory appeal?

IV. Whether this appeal is timely?

V. Whether the February 12, 1988 Divorce Code amendments should be applied retroactively?

VI. Whether the lower court lacked subject matter jurisdiction to enforce a pre–1988 property settlement agreement which was not merged in the final decree of divorce?

VII. Whether the lower court lacked subject matter jurisdiction to modify a property settlement agreement which was not merged in the final divorce decree?

VIII. Whether the lower court's enforcement and modification of a property settlement agreement without holding a hearing constituted a denial of due process of law?

 We have already determined that appellant's appeal is timely. We will next consider whether the appeal is an interlocutory one. The jurisdiction of this court is limited to appeals from final orders of the courts of common pleas. 42 Pa.C.S.A. § 742 (Purdon 1981). Generally, an order is not a "final order" unless it serves to put the litigant out of court either by ending the litigation or disposing of the case entirely. *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978); *Piltzer v. Independence Federal Savings and Loan Association,* 456 Pa. 402, 319 A.2d 677 (1974). The rationale for prohibiting appeals from interlocutory orders is to prevent piecemeal determinations and the resulting protraction of litigation. *Fox v. Gabler,* 377 Pa. Super. 341, 547 A.2d 399 (1988).

The instant action between the parties commenced as a petition for special relief in which appellee requested an order of court requiring appellant to execute to him a deed to the former marital residence so that his (appellee's) assets would not be further wasted on mortgage foreclosure proceedings on this property. In response, after two scheduled hearings and negotiations, the court issued the above-described order, essentially granting appellee the relief he sought. We believe the lower court's order ends the litigation and disposes of the case entirely with regard to the petition for special relief. To our knowledge, there are no other outstanding claims relative to the parties' divorce and therefore the order of June 1, 1989 does not constitute a piecemeal determination which will result in

protraction of litigation. Appellee's contention is that the order is interlocutory because if the appellant believes the marriage separation agreement has been breached, then she may file an action in contract to enforce her rights under the agreement. Thus, appellee contends, the June 1, 1989 order cannot be said to have terminated appellant's opportunities for litigation.

We cannot agree with appellee's contention. While appellant may indeed have a right of action under the contract, with regard to the instant litigation culminating in an order of court, appellant's rights have been finally determined. The instant case does not involve an interim order, a partial order, or any of the other types of orders ordinarily considered interlocutory. *See, e.g., Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985) (interim orders in divorce actions are not immediately appealable). It is, in fact, simply a final order of court terminating the litigation, and the appeal therefrom has been properly taken.

We will next address appellant's contention that the lower court lacked subject matter jurisdiction to enter its June 1, 1989 order. Although appellant did not raise the issue of the lower court's jurisdiction to hear the subject matter of this case prior to this appeal, it is well established that objections to the subject matter jurisdiction of the court may be raised at any stage of the proceedings. *Goodman v. Goodman,* 383 Pa.Super. 374, 556 A.2d 1379 (1989). The test of whether a court has jurisdiction over a particular controversy depends upon the competency of the court to determine controversies of the general class to which the case presented for its consideration belongs, *i.e.,* whether the court has power to enter upon the inquiry, not whether it might ultimately decide that it is unable to grant the relief sought in the particular case. *Commonwealth, Department of Public Welfare v. Court of Common Pleas of Philadelphia County,* 506 Pa. 410, 485 A.2d 755 (1984); *Coleman v. Coleman,* 361 Pa.Super. 446, 522 A.2d 1115 (1987). In the instant case, appellant alleges that the lower court lacked subject matter jurisdiction of this case because

the parties' marriage separation agreement was executed prior to the effective date of the 1988 Divorce Code amendments and that sections 401(k) and 401.1(a) of those amendments cannot be applied retroactively to enforce or modify the agreement.

In examining appellant's contention, we first note that the instant action was brought as a petition for special relief. Such an action is provided for in Rule 1920.43 of the Pennsylvania Rules of Civil Procedure relating to divorce or annulment. Under the rule, a party to a divorce action may, at any time after the filing of the complaint, file a petition setting forth the facts under which such relief is sought. Pa.R.C.P., Rule 1920.43, 42 Pa.C.S.A. The court may then, "upon such terms and conditions as it deems just,"

(1) issue preliminary or special injunctions necessary to prevent the removal, disposition, alienation or encumbering of real or personal property in accordance with Rule 1531(a), (c), (d) and (e); or

(2) order the seizure or attachment of real or personal property; or

(3) grant other appropriate relief.

*Id.* The granting of relief under Rule 1920.43 is within the sound discretion of the trial court and is an exercise of the court's equitable powers. *Jawork v. Jawork,* 378 Pa.Super. 89, 548 A.2d 290 (1988). Absent an abuse of discretion, the appellate court will not disturb the lower court's decision. *Id.*

In *Jawork, supra,* this court addressed the issue of the jurisdiction of the trial court to consider a petition for special relief. The parties in *Jawork* were divorced in December, 1981. Subsequently, pursuant to a settlement agreement later negotiated between the parties, the husband agreed to transfer to the wife certain jointly owned real estate. Next, the trial court, on July 23, 1986, entered an order awarding the marital residence to wife in full and final settlement of all economic claims presented by her in the divorce action. The court marked the divorce action on

the docket "settled, discontinued and ended." At the settlement of the sale of the property which was the subject of the prior negotiations between the parties, the wife discovered that a lien in favor of her ex-husband's attorneys had been filed against the title in 1985. The amount of the lien was escrowed and the wife then petitioned the court, citing section 403(d) of the Divorce Code, to have the lien declared null and void. The lower court refused to grant the requested relief. *Jawork v. Jawork, supra,* 378 Pa.Super. at 92, 548 A.2d at 291.

On appeal, a panel of this court disagreed with the lower court's disposition of the petition and remanded the case for further proceedings. The panel did not, however, disagree with the lower court's decision to address the petition for special relief. This court found irrelevant to the lower court's assumption of jurisdiction of the petition the fact that the divorce action had been finally settled, reasoning that "after the final disposition of all matters in the divorce action, a party may need the assistance of the court in enforcing some portion of its order." *Jawork v. Jawork, supra,* 378 Pa.Super. at 94 n. 6, 548 A.2d at 292 n. 6.

The *Jawork* court also reasoned that since the terms and substance of the court's July 23, 1986 order disposing of the economic claims between the parties were drawn from the agreement reached between them, that any further matter having to do with the property which they had negotiated in the agreement was properly before the court on a petition for special relief. *Id.* The *Jawork* court relied on sections 401(b) and 401(c) of the Divorce Code in reaching its determination that the lower court possessed jurisdiction to hear the petition. *Id.* Section 401(b) of the Divorce Code provides:

Any decree granting a divorce or an annulment, shall include after a full hearing, where these matters are raised in any pleadings, an order or orders determining and disposing of existing property rights and interests between the parties, custody, partial custody and visitation rights, child support, alimony, reasonable attorney

fees, costs and expenses and *any other related matters including the enforcement of agreements voluntarily entered into between the parties.* In the enforcement of the rights of any party to any such matters, the court shall have all necessary powers, including but not limited to, the power of contempt and the power to attach wages.

23 P.S. § 401(b) (emphasis added). Section 401(c) provides:

In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this act, and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause.

*Id.* § 401(c). Both sections, with the exception of some minor changes in section 401(b), were in effect at the time the parties in the instant case entered into their marital separation agreement.

The above-cited sections of the Divorce Code, as well as the *Jawork* case and Rule 1920.43, provide the necessary authority for the lower court's exercise of jurisdiction in the instant case. The court's enforcement of the marital separation agreement in the instant case is even more appropriate than in *Jawork, supra,* because the instant case does not have the difficulty which was present in *Jawork* of a docketed final settlement of the economic claims of the parties prior to the petition for special relief.

In addition, section 301 of the Divorce Code, relating specifically to the jurisdiction of the courts in divorce matters, provides authority for the lower court's action. Section 301 provides in pertinent part:

(a) The courts of this Commonwealth ... shall have original jurisdiction in cases of divorce and for the annulment of void and voidable marriages and, where they have jurisdiction, shall determine in conjunction with any decree granting a divorce or annulment the following

matters, where raised in the pleadings and issue appropriate decrees or orders with reference thereto and may retain continuing jurisdiction thereof:

(1) The determination and disposition of property rights and interests between spouses, including any rights created by any antenuptial, postnuptial, *or separation agreement* and including the partition of property held as tenants by the entireties or otherwise and any accounting between them, and the order of any spousal support, alimony, alimony pendente lite, counsel fees, or costs authorized by law.

. . . . .

(5) Any other matters pertaining to such marriage and divorce or annulment authorized by law and which fairly and expeditiously may be determined and disposed of in such action.

23 P.S. § 301(a) (emphasis added). The Divorce Code amendments of 1988 effected only minor changes in Section 301(a).

All of the above authority, which was in effect even at the time of the parties' entry into their marital separation agreement, supports the lower court's assumption of jurisdiction in the instant case. Since we find that the lower court had jurisdiction to hear the petition under the above-cited authority, we need not address appellant's contention concerning the retroactivity of sections 401(k) and 401.1(a) of the 1988 amendments.

■ By holding that the lower court possessed jurisdiction to enforce the parties' agreement under a petition for special relief, we do not hold that the agreement now has the force of a court order which is subject to modification. A divorce agreement is not incorporated into the parties' divorce decree so as to permit revision of a provision in the agreement if the parties did not intend such effect in their agreement. *Bell v. Bell,* 390 Pa.Super. 526, 568 A.2d 1297 (1990) (*en banc*) (plurality opinion). This is so despite a statement in the agreement that it was to be incorporated

into the divorce decree. *Id.* Under such circumstances, the agreement remains an enforceable contract not subject to unilateral modification as a court order. *Id. See also D'Huy v. D'Huy*, 390 Pa.Super. 509, 568 A.2d 1289 (1990) (*en banc*) (property settlement agreement did not merge into divorce decree and remained enforceable contract where agreement stated clearly that it would remain in full force and effect and would survive divorce); *Sonder v. Sonder*, 378 Pa.Super. 474, 549 A.2d 155 (1988) (*en banc*) (since parties intended that their property settlement agreement would remain an enforceable contract after their divorce, trial court properly refused to reduce the amount of child support provided for in the agreement).

In the instant case, the intent of the parties was clearly set forth in Articles XIV and XV of their separation agreement. Article XIV provided for incorporation into, but not merger with the divorce decree and continuance of the agreement "in full force and effect thereafter." Article XV of the agreement further provided that the agreement "shall not be modified or changed except by a written instrument signed by both parties." Clearly, the parties in this case did not intend for their agreement to be modified by court order. Therefore, their agreement remains an enforceable contract. *D'Huy v. D'Huy, supra; Sonder v. Sonder, supra. See Lipschutz v. Lipschutz*, 391 Pa.Super. 537, 571 A.2d 1046 (1990) (order of support entered subsequent to parties' divorce and to parties' execution of property settlement agreement containing support provisions did not supercede agreement; both order and agreement were intact and enforceable); *Dechter v. Kaskey*, 379 Pa.Super. 45, 549 A.2d 588 (1988) (*en banc*) (although double recovery is not allowed, both court orders and agreements can be given independent effect).

Appellant also contends that the lower court lacked subject matter jurisdiction to modify the agreement. She asserts that paragraph four of the lower court's order of June 1, 1989 constituted a modification of the parties' agreement as set forth in Article VIII. On review of the

agreement and the court's order, we agree that a modification has been made. As the appellant points out, the agreement permits appellee to receive a credit for any amounts he expends towards payment of the mortgages against any amount which he owes appellant under Article VIII, sections 1(d) and (e), *i.e.*, monthly equitable distribution payments and alimony payments. Under paragraph four of the court order, appellee is to receive credit for any amount paid toward the mortgages against *any* amount owed appellant under Article VIII. This is a clear departure from the terms of the agreement. In addition, the court order grants appellee credit for expenditures other than those enumerated in Article VIII of the parties' agreement. Thus, we agree with appellant that paragraph four of the lower court's order goes beyond enforcement of the agreement and constitutes a modification.

As we have previously indicated, the parties' agreement in this case retains its character as an enforceable contract. *Bell v. Bell, supra; D'Huy v. D'Huy, supra; Sonder v. Sonder, supra.* In addition, the Divorce Code amendments of 1988 prohibit modification of the parties' agreement. Section 401.1(c), provides:

(c) In the absence of a specific provision to the contrary appearing in the agreement, a provision regarding the disposition of existing property rights and interests between the parties, alimony, alimony pendente lite, counsel fees or expenses shall not be subject to modification by the court.

23 P.S. § 401.1(c).[1] In the instant case, the parties' separation agreement does not contain a provision for modification of the agreement by court order. In fact, the agreement provides for modification only by written instrument executed by both parties.

1. Section 401.1 of the 1988 amendments relates to the effect of agreements between parties "regarding matters within the jurisdiction of the court under this act...." 23 P.S. § 401.1(a). *See id.* § 301, *supra* (relating to jurisdiction of the courts in cases of divorce and annulment).

We have no difficulty applying this statute to the instant case. While the presumption against retroactive application of statutes is well established in the law of this Commonwealth, 1 Pa.C.S.A. § 1926, we do not construe section 401.1 to be a retroactive law. A law is given retroactive effect when it is used to impose new legal burdens on a past transaction or occurrence. *Department of Labor and Industry, Bureau of Employment Security v. Pennsylvania Engineering Corporation,* 54 Pa.C. 376, 421 A.2d 521 (1980). Where no vested right or contractual obligation is involved, an act or regulation is not impermissibly construed retroactively when applied to a condition existing on its effective date, even though the condition results from events which occurred prior to that date. *Creighan v. City of Pittsburgh,* 389 Pa. 569, 132 A.2d 867 (1957). Amendatory statutes are not to be construed as retroactive unless such a construction is so clear as to preclude all question as to the intention of the legislature, and such rule of statutory construction is particularly applicable when the legislation in question interferes with existing contractual obligations or antecedent rights. *Rupert v. Policemen's Relief and Pension Fund,* 387 Pa. 627, 129 A.2d 487 (1957).

We do not view section 401.1(c) as interfering with existing contractual obligations or antecedent rights. The statute, which prohibits modification of the voluntary agreements of parties to a divorce action, actually acts to *protect* such pre-existing rights and obligations. The statute is therefore not retroactive and we may apply the provisions of section 401.1(c) to the parties' agreement, which was a condition existing on the effective date of the 1988 Divorce Code amendments. *See Creighan v. City of Pittsburgh, supra. See also Kludo v. Kludo,* 390 Pa.Super. 604, 569 A.2d 357 (1990) (applying section 501(c) of the Divorce Code amendments of 1988 to alimony award made after the effective date of the amendments but where divorce was granted and all other claims were disposed of prior thereto). The petition for special relief was filed on May 9, 1989,

after the effective date of section 401.1(c). Applying section 401.1(c) to the facts of the instant case, we find that the lower court was without authority to make modifications to the parties' agreement as it did in paragraph four of its order.

Next, we will address appellant's contention that she did not stipulate to the lower court's entry of the June 1, 1989 order. This inquiry is not relevant to paragraph four of the lower court's order, which we have held was entered by the lower court without the necessary subject matter jurisdiction. Our review of the record of proceedings on May 12 and May 19, 1989 reveals that appellant did not stipulate on the record to the lower court's order. We can only speculate as to whether appellant did or did not stipulate to the proposal at the in-chambers conference with Judge Juliante and counsel for appellee on May 19, 1989. Judge Juliante indicated on the record only that the parties had engaged in a "heated discussion." Nonetheless, while there is no explicit on-the-record evidence that appellant stipulated to the lower court's order, we can say this: appellant did not object to the proposed order at any point during the on-the-record proceedings of May 19, 1989. Therefore, we must conclude that she waived all objections thereto except with regard to those related to subject matter jurisdiction, which we have already discussed. *See Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975) (issues presented on appeal must be properly preserved by timely objection in the trial court). *Accord Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974). Our finding of waiver also applies to appellant's contention that she was deprived of due process of law by the failure of the lower court to conduct a full hearing on the petition, since appellant failed to raise this contention in the lower court. The apparent reasons for the lack of a full hearing in this case were that the parties decided on May 12, 1989 to attempt to negotiate a settlement to the issues raised in the petition for review, and on May 19, 1989, the court held an in-chambers discus-

sion with the parties and counsel and then the court presented the results of that discussion on the record. However, even constitutional issues such as failure to afford the parties due process of law may be waived where not raised in the lower court, but are presented for the first time on appeal. *Gerace v. Holmes Protection of Philadelphia,* 357 Pa.Super. 467, 516 A.2d 354 (1986), *allocatur denied* 515 Pa. 580, 527 A.2d 541 (1987).

Order of June 1, 1989 affirmed except as to paragraph four. Paragraph four of the order of June 1, 1989 is vacated and the case is remanded to the lower court for further proceedings consistent with this memorandum. Jurisdiction relinquished.

TAMILIA, J. files a concurring and dissenting opinion.

TAMILIA, Judge, concurring and dissenting:

I concur in the Opinion by the majority to the point where it would hold that the trial court had the authority to exercise jurisdiction in enforcing the agreement in this case which was entered into prior to the amendment to the Divorce Code, 23 P.S. § 401.1(c). *Sonder v. Sonder,* 378 Pa.Super. 474, 549 A.2d 155 (1988), en banc, as acknowledged by the majority, required that this agreement be enforced as a contract but it then goes on to conclude, unnecessarily, for the purpose of the result, that section 401.1 may be retroactively applied to an agreement entered into prior to the amendments of 1988. The agreement provided that it could not be unilaterally modified and since it retained its identity as a contract, it could not be modified as a court Order by the court. The discussion by the majority concerning the retroactivity of section 401.1(c) is, therefore, irrelevant. In addition, it is erroneous since an amendment to the Divorce Code which follows the effective date of an agreement may not apply to that agreement. Contracts have been held inviolate by the federal and state constitutions and may not be altered by legislative provisions which would, in effect, deprive the parties of property rights without due process of law. In *Nessa v. Nessa,* 399

Pa.Super. 59, 581 A.2d 674 (1990), we applied *Sonder,* *supra,* to hold that a contract such as this was not to be subject to alteration by Order of court. There, we also held:

[T]his agreement is not affected by amendment to the Divorce Code § 401.1(c), added in 1988, ... as the agreement predated the amendment. The Divorce Code at 23 P.S. § 103 Construction, provides:

. . . .

This act shall not affect any marital agreement executed prior to the divorce agreement executed prior to the effective date of this act or any amendment or modification thereto.

*Id.* 399 Pa.Super. at 65, n. 2, 581 A.2d at 676, n. 2. While the result of the majority is correct, the discussion regarding section 401.1(c) is in error, unnecessary for the result, and in direct conflict with *Sonder.* I, therefore, dissent to the discussion and analysis concerning the retroactive effect of section 401.1(c).