J-S60030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JENNIFER LEHRMAN,<br>N/K/A JENNIFER DEIFER | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| Appellant | |
| v. | |
| MICHAEL LEHRMAN | |
| Appellee | No. 3145 EDA 2015 |

Appeal from the Order Entered September 16, 2015
In the Court of Common Pleas of Northampton County
Civil Division at No(s): No. C-48-CV-2012-258

BEFORE:  SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                 **FILED NOVEMBER 01, 2016**

Jennifer Lehrman, N/K/A Jennifer Deifer (Deifer), appeals from the order entered in the Court of Common Pleas of Northampton County on September 16, 2015, ordering her to return $42,250.00 to her ex-husband, Michael Lehrman (Lehrman), and to pay $1,000.00 for attorney's fees.  In this timely appeal, Deifer raises two issues.  She claims (1) the trial court erred in issuing the order without permitting her to conduct discovery or to have a hearing on the matter, and (2) there is insufficient evidence to support the order.  The trial court considered Deifer's actions to have been an improper attempt at "self-help" to correct perceived injustices in the parties' property settlement.  Our review of this matter shows that by taking

_____

[*] Retired Senior Judge assigned to the Superior Court.

the $42,500.00 at issue, Deifer was attempting to bypass a legal challenge to the equitable distribution order that had been entered years earlier in their divorce action. Accordingly, after a thorough review of the certified record, submissions by the parties and relevant law, we affirm.

We relate the facts of this matter as stated by the trial court in its Pa.R.A.P. 1925(a) opinion of April 1, 2016.

> On September 16, 2015, [Lehrman's] counsel presented a Petition for Special Relief to the Court. [Deifer] and her counsel appeared in opposition. The circumstances as presented to the Court were that the parties were divorced and had executed a property settlement agreement, which provided that the marital home was to be sold and the proceeds split. N.T. 9/16/15 at 2. [Lehrman] deposited his share, $42,250, into a bank account, to which he believed [Deifer] no longer had access. *Id*. at 3. [Lehrman] learned that between July 28 and August 27, 2015, [Deifer] had withdrawn all the money from this account. *Id*. at 4. As a result of the record made before the Court, it was ordered that: [Deifer] return the $42,250 withdrawn from the account within one day; and that [Deifer] pay [Lehrman] $1,000 for counsel fees.

Trial Court Opinion, 4/1/2016 at 1.

In addition to the above facts, Lehrman's petition contains the following relevant averments:

> 5. Paragraph 5 of the Property Settlement Agreement provides that the parties shall sell the real estate located at 3828 Dogwood Road, Danielsville, Northampton County, Pennsylvania 18038 and shall split equally (50/50) the net proceeds from the sale of the property.
>
> 6. The real estate was sold and each party received in excess of forty thousand dollars ($40,000.00).

7. [Lehrman] deposited his money in an account [] at National Penn Bank not knowing that [Deifer] still had access to this account.

8. On July 28, 2015, [Deifer] unlawfully made two twenty thousand dollar ($20,000.00) withdrawals from the above account. See Exhibit "C."

9. On August 17, 2015, [Deifer] unlawfully withdrew one thousand dollars ($1,000.00) from the above account. See Exhibit "D."

10. On August 27, 2015, [Deifer] unlawfully withdrew one thousand two hundred fifty dollars ($1,250.00) from the above account. See Exhibit "E."

11. [Deifer] is not entitled to any of the money that she withdrew from this bank account.

12. [Lehrman] is requesting that this Honorable Court enter an order directing [Deifer] to immediately return this money to him.

13. [Lehrman] is requesting that this Honorable Court order Wife to pay attorney's fees to [Lehrman] for having to prepare and present the instant petition.

Petition, 9/16/2015 at 1-2.[1]

Paragraph 22 of the Property Settlement Agreement, dated September 16, 2013 and appended to the petition as Exhibit "B," provides that if legal action is required to effectuate the performance of the agreement, then the

---

[1] Although the petition was docketed on the same date as the hearing before the trial court, there is no claim that the petition was not timely served upon Deifer. Indeed, the notes of testimony reveal that Deifer was present at the hearing, had been sworn in to testify, and had brought bank records with her. *See* N.T., 9/16/2015 at 6.

party found to be in default shall pay all expenses, including reasonable attorney's fees, incurred in connection with such enforcement proceedings.

Our standard of review is as follows:

[A] petition for Special Relief, is authorized by Pa.R.C.P. 1920.43 relating to divorce or annulment. A panel of this court has held that a grant of relief under this rule is within the sound discretion of the trial court and is an exercise of the court's equitable powers. ***Jawork v. Jawork***, 378 Pa.Super. 89, 548 A.2d 290 (1988). An appellate court will not reverse absent an abuse of that discretion. ***Id***. ***See also***, ***DeMatteis v. DeMatteis***, 399 Pa.Super. 421, 582 A.2d 666 (1990).

***Frank v. Frank***, 587 A.2d 340, 342 (Pa. Super. 1991).

Additionally, Rule 1920.43 states, in relevant part:

(a) At any time after the filing of the complaint, on petition setting forth facts entitling the party to relief, the court may, upon such terms and conditions as it deems just, including the filing of security,

   (1) issue preliminary or special injunctions necessary to prevent the removal, disposition, alienation or encumbering of real or personal property in accordance with Rule 1531(a), (c), (d), and (e); or

   (2) order the seizure or attachment of real or personal property; or

   (3) grant other appropriate relief.

Pa.R.C.P. 1920.43(a)(1), (2), (3).

In Deifer's first issue, she claims the trial court erred in disposing of Lehrman's petition without permitting her to conduct discovery and have a full hearing to challenge the allegations. Deifer bases her argument on the requirements found in the Pennsylvania Rules of Civil Procedure 206.4,

206.6, and 206.7, as well as local rule N206.4(c).  The Pennsylvania rules require the petitioner to append a rule to show cause to the petition,[2] allows the respondent 20 days to file an answer[3] and then provides for the taking of discovery as to disputed facts.[4]  However, this argument does not account for Pa.R.C.P. 206.1 which defines "petition" as "an application to strike and/or open a default judgment or a judgment of *non pros*," or "any other application which is designated by local rule, numbered Local Rule 206.1(a), to be governed by Rule 206.1 *et seq*."[5]  Lehrman's petition did not seek to open or strike a default judgment or *non pros* and Deifer has not referred to or provided this Court with a copy of Local Rule N206.1(a).  In fact, the official website for the Northampton County Court of Common Pleas does not list a Local Rule N.206.1(a).[6]  Accordingly, as there is no N206.1(a), we do not agree with Deifer that the instant petition is governed by the attendant rules she has cited.  Rather, we agree with Lehrman that his petition was filed pursuant to Pa.R.C.P. 1920.43, **supra**, which allows the trial court greater discretion in the manner of proceeding.

_____

[2] Pa.R.C.P. 206.4(a)(1).

[3] Pa.R.C.P. 206.6(a).

[4] Pa.R.C.P. 206.7(a)-(d).

[5] Pa.R.C.P. 206.1(a) and (b), respectively.

[6] **See** http://courtrule.northamptoncounty.org/

Rule 1920.43 specifically addresses requests for special relief in matters relating to divorce. The subject matter of the instant petition was funds derived from the sale of marital property. Specifically, Lehrman alleged Deifer had improperly removed his share of the proceeds of the sale of the marital home and was refusing to return same. We believe this brings the petition fairly within the scope of Rule 1920.43.

Due to the emergency nature of Lehrman's petition, we find no abuse of discretion in the trial court's refusal to grant Deifer extended time to conduct discovery. Also, as the trial court points out in its Pa.R.A.P. 1925(a) opinion, the resolution of the petition simply returns the parties to the status quo ante and does nothing to preclude Deifer from filing her own challenge to the property settlement, thereby seeking the funds to which she believes she is entitled. In light of the above, Deifer is not entitled to relief on this issue.

In her second issue, Deifer contends there was insufficient evidence to support the trial court's grant of relief. We disagree.

As noted above, the trial court granted relief pursuant to Pa.R.C.P. 1920.43. As such, the petition is essentially an appeal to the equitable powers of the court and the grant of relief is within the sound discretion of the trial court. Argument was held before the court on September 16, 2015, and was based upon the factual averments contained in the petition. The trial judge had before her those averments, the certified record, exhibits, as well as the arguments by counsel. The parties were sworn in to testify, but

neither did. However, there is nothing in the notes of testimony that indicates the parties were forbidden from testifying. The certified record demonstrates the parties entered into a property settlement agreement on September 6, 2013 and were subsequently divorced in September 20, 2013. Counsel for Deifer reviewed the bank statements counsel for Lehrman brought to court and conceded the statement showed a $41,069.30 deposit had been made on September 30, 2013, after the divorce and at the time of closing on the sale of the marital home. N.T. 9/16/2015 at 11, 13. The trial judge had before her the exhibits clearly demonstrating that Deifer had withdrawn $42,500.00 from the account in question, in July and August, 2015, approximately two years after Lehrman deposited the funds. **See** Petition for Emergency Relief, 9/16/2015, Exhibits "C", "D", and "E". These facts were not contested at argument. Lehrman argued Deifer had taken the money because she believed she was owed money from Lehrman's 401(k). N.T. 9/16/2015 at 4-5. Further, counsel for Deifer also conceded Deifer did not agree with the court's resolution of Lehrman's 401(k). **Id**. at 8. Counsel for Deifer also opined Deifer was owed money because she had provided in excess of $50,000.00 while Lehrman was in prison to keep the home from foreclosure. **Id.** at 7-8. No matter her reasoning, counsel for

Deifer argued she took money from what proved to be a joint account and, therefore, she was simply entitled to take the money.[7]

The trial court made no determination regarding the ultimate merits of either Lehrman's or Deifer's underlying claims. Without conceding the merits of either parties' position, the trial court noted that even if Deifer were to be proven correct, she had engaged in "self-help"[8] by simply taking money from Lehrman. This she was not entitled to do. The equities of the matter, at that time, therefore resided with Lehrman, and the court's order simply returned the parties to their original position prior to Deifer's attempt at "self-help."

We also note that an effect of Deifer's actions, had relief not been granted, would have been to shift the ultimate burden of proof from Deifer to Lehrman. Deifer believed that the property settlement agreement was tainted by Lehrman's failure to properly disclose information and by the court's failure to account for money she contributed while Lehrman was

---

[7] Rule 1920.43 incorporates by reference Pa.R.C.P. 1531 regarding injunctive relief. Rule 1531 grants the trial court broad equitable powers to issue, under certain circumstances, preliminary or special injunctions without a hearing and based upon averment. Given the equally broad equitable powers granted the trial court under Rule 1920.43, it appears the trial court would have the same ability to grant such relief as necessary, subject to an abuse of discretion.

[8] N.T., 9/16/2015 at 5.

incarcerated, so she took money from him.[9]  However, the proper method of challenging the property settlement is through legal proceedings, not by simply taking money.  In such a proceeding, Deifer would have the burden of proof of demonstrating grounds to set aside the property settlement agreement.  Here, instead, Deifer seeks to have Lehrman prove she was not entitled to the money.  Such a shifting of the burden of proof would be an inequitable result, essentially encouraging a party who believed he or she was entitled to property to simply take it, in order to force the opposing party into action for the return of it.

Accordingly, Deifer is not entitled to relief on this issue.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/1/2016

---

[9]  Deifer, in her Rule 1925(b) statement claims Lehrman intentionally misrepresented the status of his 401(k), as well as leading her to incorrectly believe that certain items of property including a four-wheeler, Harley-Davidson motorcycle, guns and cash, had been forfeited to the Commonwealth as a result of his criminal prosecution.  *See* Pa.R.A.P. 1925(b) statement at 1-2.