ENDY, J.,
This matter comes before the court on a petition for special relief filed by petitioner, Richard G. Scott, against respondent, Virginia B. Scott, pursuant to section 301(a)(1) and section 401(c) of the Pennsylvania Divorce Code. The parties were married on November 27, 1976. On April 4, 1977 the parties executed a post-nuptial agreement, enforcement of which petitioner now seeks by special relief. The agreement provided, inter alia, as follows:
“If for any reason either husband or wife chooses to separate or to terminate their marriage, the parties agree that the real estate which they jointly own located at 1238 Spring Valley Lane, West Chester, Pennsylvania, or any other real estate which hus *313 band and wife jointly hold will be exposed to sale forthwith and the proceeds of sale divided as follows:
“(A) The greater of 70 percent of the net proceeds of sale or $26,000 to wife;
“(B) The remainder to husband.”
The parties were separated on January 29, 1988, and petitioner filed a divorce complaint on April 27, 1989, requesting that the parties be divorced pursuant to section 201(c) and (d) of the Divorce Code, and also requesting property distribution.
Respondent filed an answer denying an irretrievable breakdown of the marriage and also filed a counterclaim, in the event a divorce is entered, requesting ancillary relief including distribution of property, enforcement of agreements, alimony, alimony pendente lite, counsel fees and costs. Respondent has not signed a 201(c) affidavit of consent.
Petitioner now petitions this court for special relief directing respondent to expose the jointly held property to sale and distribute the proceeds in accordance with the terms of their agreement.
As petitioner points out in his memorandum of law, in this Commonwealth, postnuptial agreements are presumed valid and binding on the parties. Wolfe v. Wolfe, 341 Pa. Super. 313, 491 A.2d 281 (1985). However, the parties do not dispute the validity of this agreement. What is in dispute is whether this court should enforce the agreement in the context of a divorce action prior to dissolution of the marriage and prior to resolution of the remaining ancillary matters.
Petitioner also offers Laub v. Laub, 351 Pa. Super. 110, 505 A.2d 290 (1986), as support for his contention that the agreement is enforceable under the code. The issue in Laub was the validity of the *314 agreement which, as a complete separation agreement, barred equitable distribution and other ancillary remedies. This is not the case with the issue at bar. Neither party has claimed that this is a complete agreement. In fact, both parties agree that there are remaining ancillary issues to be resolved.
Petitioner contends that the broad equity power of section 401(c) authorizes this special relief. Petitioner fails, however, to recognize the remaining provisions of the Divorce Code and the procedure provided to resolve all ancillary matters. The broad equity powers authorized by section 401(c) are to be utilized to “protect the interests of the parties” pending full resolution of other matters. Plaintiff has shown no circumstances which would justify intervention by this court prior to resolution of the remaining ancillary matters in a final decree. Ewing v. Ewing, 33 Chester Rep. 247, 248 (1984).
Petitioner must read the statute provisions together in construing what he interprets to be broad equity powers granted to the court.* Section 301(a) grants the court power to determine “in conjunction with any decree granting a divorce. . . the following matters . . . (1) . . . rights created by any antenup-tial, postnuptial or separation agreement.” 23 P.S. §301(a)(l). (emphasis supplied) Furthermore, section 401(b) states that “any decree granting a divorce shall include after a full hearing . . . enforcement of agreements voluntarily entered into between the parties.” (emphasis supplied) The Supe *315 rior Court in Dech v. Dech, 342 Pa. Super. 17, 492 A.2d 41 (1985), held that the entry of a divorce decree is a code prerequisite to an order of alimony or equitable division and distribution of marital property.
Both parties have admitted that there is a valid postnuptial agreement and it is not a complete agreement resolving all of the ancillary matters. Respondent has not signed an affidavit of consent required by section 201(c) and the issues raised in petitioner’s complaint for divorce are not cognizable until she does so or, pursuant to section 201(d), until January 29, 1991.
ORDER
And now, November 27, 1990, in consideration of the petition and answer, petitioner’s request for special relief, pursuant to section 301(a)(1) and section 401(c) of the Pennsylvania Divorce Code, is denied.

 “[T]he sections of the statute must be read together and construed with reference to the entire statute. ... A construction which fails to give effect to all provisions of a statute . . . must be avoided.” Deck v. Dech, 342 Pa. Super. 17, 492 A.2d 41 (1985), citing Wilson v. Central Penn Industries Inc., 306 Pa. Super. 146, 452 A.2d 257, 259 (1982).