# Bechdel v. Bechdel

*Robert D. O'Connor Jr.,* for plaintiff.
*Randy P. Brungard,* for defendant.

BROWN, *P.J.,* March 14, 1991—The parties were married December 29, 1967. In July 1987, they separated. On May 9, 1988, the parties executed a separation agreement prepared by T. Max Hall, Esq., who was representing defendant at that time. Subsequent to executing the separation agreement, the parties reconciled from February 1989 until the parties' final separation in July 1990. During the course of the reconciliation, defendant acquired a business and several income-producing rental properties. These properties were acquired in his name alone. Defendant filed the instant motion for special relief requesting a determination by the court as to whether the business and real estate investments are marital property or non-marital property.

## ISSUE

Whether property acquired during a reconciliation subsequent to the execution of a valid postnuptial agreement is marital or non-marital property?

## DISCUSSION

Under 23 Pa.C.S. §401(d), a party in a divorce proceeding may request the court to equitably divide the marital property. Marital property includes "all property acquired by either party during the marriage." 23 Pa.C.S. §401(e). One statutory exception is "[p]roperty excluded by valid agreement of the parties entered into before, during or after the marriage." 23 Pa.C.S. §401(e)(2).

It is well-settled that postnuptial agreements are presumed to be valid and binding on the parties. *McGannon v. McGannon,* 241 Pa. Super. 45, 359 A.2d 431 (1976). Parties may, by means of a prenuptial or postnuptial agreement, waive their right to equitable distribution of marital property. *Wolfe v. Wolfe,* 341 Pa. Super. 313, 491 A.2d 281, 283 (1985).

Plaintiff contends the property acquired by defendant during their reconciliation is marital property subject to equitable distribution. Plaintiff argues that under the Divorce Code the parties may only agree upon the division of their *existing* property rights. Plaintiff cites 23 Pa.C.S. §401.1(c) which provides:

"In the absence of a specific provision to the contrary appearing in the agreement, a provision regarding disposition of *existing* property rights and interest between the parties . . . shall not be subject to modification by the court." (emphasis supplied)

The court finds that section 401.1(c) does not prohibit parties from entering into agreements to determine future property rights. Parties may waive their right to future property rights by executing a prenuptial or postnuptial agreement. See, e.g., *Laub v. Laub,* 351 Pa. Super. 110, 116, 505 A.2d 290, 293 (1986) (Prenuptial agreement expressly relinquished

each party's right "in and to any property now owned or hereafter acquired by the other of them.").

Whether the parties herein settled their future property rights depends upon the terms of the agreement between them. In interpreting a written contract, the court must determine and effectuate the intention of the parties. *Id.* at 115, 505 A.2d at 293. If the expressed terms of the contract are clear and unambiguous, the court shall determine the intent of the parties based on those terms. *Steuart v. McChesney*, 498 Pa. 45, 444 A.2d 659 (1982). Thus, the issue squarely before the court is whether the parties in this action intended to compromise their rights to future property by entering into the separation agreement.

The stated purpose of the agreement is to "effectuate an equal division of their marital property." Agreement, para. 19. The parties agreed not to incur any debts on behalf of the other:

"Each party represents and warrants to the other party that he or she has not incurred any debts or made any contracts for which the other party or his or her estate may be liable. Neither party shall incur any such debts or make any such contracts as long as the other party performs all of the obligations under the agreement." *Id.,* para. 4.

The parties agreed to release and discharge each other "from all cause of action, claims, rights or demands whatsoever, in law or equity, which either of the parties ever had or now has against the other. . ." *Id.,* para. 5.

The marital residence, jointly owned prior to the agreement, became the sole property of plaintiff. Defendant had an obligation to make monthly payments of $200 toward the mortgage and to pay

homeowner's insurance for a limited period of time. Two lots adjacent to the marital residence, jointly owned prior to the agreement, became the sole property of defendant. A jointly owned camp became the sole property of defendant. Defendant received the contents of the marital residence with several items excepted. Defendant retained several vehicles titled in his name alone and transferred one vehicle to plaintiff. The parties divided their intangible personal property such as stocks, bonds, and IRA's to the party possessing same or party "in whose name the property is now registered or issued." *Id.,* para. 8.C. The parties agreed that all remaining personal property had been divided and that "everything in his or her possession shall constitute his or her own sole, exclusive and separate property." *Id.,* para. 8.D. The parties waive all claims for alimony and each agreed to pay respective counsel fees and court costs. Additionally, the agreement contained the following waiver:

"Except as herein otherwise provided, each party may dispose of his or her property in any way, and each party hereby waives and relinquishes any and all rights he or she may now have or hereafter acquire . . . to share in the property or the estate of the other as a result of the marital relationship. . ." *Id.,* para. 12.

The agreement states that it is "the entire understanding of the parties" and that any modification or waiver thereto must be in writing. *Id.,* paras. 15-6.

The court believes this agreement represents a complete property settlement between the parties. It divided the parties' real estate, vehicles, intangible assets, and personal property. This was not merely an agreement to provide support. See *Wolfe v. Wolfe,* 341 Pa. Super. 313, 491 A.2d 281 (1985). In

*Wolfe* the parties entered into an agreement to divide their marital property. Subsequently, the wife attempted to characterize the agreement as merely a "partial" property settlement. The wife contended that because the parties had failed to give her a portion of some of the husband's sole assets, the agreement was not complete. The Superior Court of Pennsylvania disagreed. The court found the agreement between the parties was a complete property settlement agreement, rather than "a mere separation agreement providing for support." *Wolfe, supra* at n.2.

Further, the agreement herein specifically relinquishes future property rights and claims in paragraph 12 which refers to existing rights and those "hereafter acquire[d]." In *Conrady v. Conrady,* 379 Pa. Super. 426, 550 A.2d 231 (1988), the Superior Court affirmed the enforcement of a pre-divorce property-settlement agreement in which the parties agreed to settle all rights and claims arising "out of their marriage or otherwise." The Superior Court noted that the purpose of a property-settlement agreement is "to finally settle all claims each party has or *may have* against the other." *Id.* (emphasis supplied)

The court finds that the parties' reconciliation in no way affected the validity or scope of the agreement. Plaintiff argues that because the property in issue was acquired during a period of reconciliation that it is marital property. Reconciliation of the parties does not, however, affect a prior valid agreement determining future property rights. *Wolfe, supra.* See also, *Lempergel v. Lempergel,* 80 Berks L.J. 344 (1988).

The court concludes that pursuant to the May 9, 1988 separation agreement the parties herein com-

pletely divided their marital property. Any acquisitions thereafter made by either party would have been purchased with separate assets and thus must be deemed non-marital property. Moreover, pursuant to the agreement each party waived his or her right to property acquired by the other subsequent to the agreement.

## ORDER

And now, March 14, 1991, based upon the foregoing opinion, it is hereby ordered that defendant's motion for special relief be granted. The court deems property acquired by defendant after the May 9, 1988 separation agreement to be non-marital.