**Watts v. Watts**

C.P. of Berks County, no. 2740-89 A.D.

*John A. Boccabella,* for plaintiff.
*Peter J. Landis,* for defendant.

GRIM, *J.,* October 13, 1994—This matter is before the court on defendant's petition for equitable relief and plaintiff's answer, new matter and claim for relief. The pertinent facts follow.

The parties were married on December 25, 1983. They executed a postnuptial agreement on March 26, 1987. Following the execution of the agreement the parties attempted a reconciliation. The reconciliation attempt was unsuccessful and in 1989 plaintiff, wife, filed for divorce. On April 6, 1992, she filed an amended complaint which sought equitable distribution, alimony, alimony pendente lite, and attorney's fees, costs and expenses.

Wife alleges in her pleading that the agreement was unfair, inequitable, and entered into only due to defendant's, husband, pressure and intimidation. She also avers that during the parties' unsuccessful attempt at reconciliation they ceased observing the obligations and provisions of the agreement during that period and that

husband treated the reconciliation attempts as a recision or cancellation of the agreement.

Wife also contends that husband ceased to abide by the agreement and specifically breached paragraphs 2, 4, 5, and 6 which read as follows:

"(2) The husband represents and warrants to wife that he will not contract or incur any liability for which wife or her estate may be responsible and shall indemnify and save harmless wife from any and all claims or demands made against her by reason of any debts or obligations incurred by him.

"(4) Husband agrees to pay unto wife the sum of $10,000 over a period of 40 months in equal installments of $250 per month, with the first payment being due on September 1, 1987, and continuing thereafter to be due on the first day of each and every month until said obligation is terminated.

"(5) Husband will provide labor and equipment as per a plan acceptable to wife for the conversion of her home into a two unit apartment building. Husband agrees to provide carpet, padding, tack stripping and all other materials necessary to provide wall to wall carpeting for both units. All materials are subject to wife's approval, which will not be unreasonably withheld.

"In the event that the labor is such that husband has to hire additional help, said additional labor will be paid for by wife, only if such labor is approved, in advance, by wife. Husband agrees to have all work completed in a good and workmanlike manner and to have work completed by September 30, 1987.

"(6) Husband agrees to transfer and convey unto wife all of his rights, title and interest in and to any personal property and real property presently in the possession of wife, or personal property or real property presently in the name of wife."

Wife claims that husband breached these provisions by enticing her to incur indebtedness with him regarding the acquisition of additional parcels of real property in which husband acquired an ownership interest, by his failure to make $250 per month payments to her of $10,000, and his failure to provide labor and equipment for the conversion of her home into a two-unit apartment. Husband also did not transfer and/or convey all his rights, title, and interest to the personal property in wife's possession.

Testimony disclosed that wife's attorney drafted the agreement. Husband did not have an attorney at the time the parties executed the agreement. Both parties made handwritten changes to the typed agreement and initialled those changes.

Both parties ceased to abide by the terms of the agreement when they reconciled. Wife claims husband breached the aforementioned paragraphs. Husband denies wife's allegations but admits that $5,000 remains unpaid to wife. Husband submits that wife was to sign three deeds over immediately to him but that she never did so. This allegation was not disputed by wife.

The court shall now address the validity of the agreement. Absent fraud, misrepresentation, or duress, spouses are bound by the terms of their agreements. *Simeone v. Simeone,* 525 Pa. 392, 581 A.2d 162 (1990).

In her brief wife stipulates and admits that the record is devoid of evidence sufficient to prove undue influence at the time of the execution of the agreement. Thus the agreement is binding unless rescinded or waived by the parties.

Paragraph 21 governs a waiver or modification of the agreement and reads as follows:

"(21) A modification or waiver of any of the provisions of this agreement shall be effective only if made in writing and executed with the same formality of this agreement. The failure of either party to insist upon

strict performance of this agreement shall not be construed as a waiver of any subsequent default of the same or similar nature."

The parties did not execute any writing to rescind this agreement. Thus, the agreement is extant. It is also clear from the language of the agreement that a party's failure to insist upon strict performance of the agreement does not nullify the agreement or constitute a waiver of further defaults. Hence, the agreement survives and obligations continue to be owed under it. A failure to comply with those obligations may result in a person being held in contempt.

Wife argues that the parties reconciled and that the parties rescinded the agreement through their actions during the reconciliation.

There is no dispute that the parties attempted a reconciliation. The Superior Court, however, has held that where an agreement between spouses is a complete property settlement agreement rather than a mere separation agreement providing for support, a subsequent reconciliation does not affect the validity of the agreement. *Wolfe v. Wolfe,* 341 Pa. Super. 313, 491 A.2d 281 (1985).

The agreement before the court is a complete property settlement agreement. The *Wolfe* decision is therefore controlling. The court finds that the agreement in the case sub judice is valid and binding on the parties.

Wife's final argument is that assuming *arguendo* that the agreement is declared valid and binding on the parties, she cannot be prohibited from claiming and/or pursuing claims which arose subsequent to cohabitation.

The court believes that wife's position is correct in this regard. Paragraph 16 states:

"(16) Subject to the provisions of this agreement, each party has released and discharged, and by the agreement does for himself, and his or her heirs, legal representatives, executors, administrators and assigns, release and discharge the other of and from all causes of action, claims, rights or demands whatsoever in law or equity, which either of the parties ever had or now has against the other, except any or all causes of action for breach of any provision of this agreement."

Thus, it is clear from the language of the agreement that the only releases and discharges to which the parties contracted are to those claims which were in existence at the time they executed the agreement. The agreement is silent on future claims. For this reason, court believes that wife's position has merit. Therefore, the court will allow wife to proceed with Counts II, III, and IV of her amended complaint as they pertain to claims arising after March 26, 1987.

In accordance with the foregoing opinion, the court enters the following order:

## ORDER

And now, October 13, 1994, after consideration of the pleadings, argument, and briefs of counsel, and a hearing having been held, it is hereby ordered as follows:

(1) The postnuptial agreement dated March 26, 1987, is valid and binding on the parties.

(2) A hearing on the alleged breaches of the agreement will be held on Thursday, November 17, 1994, at 1:30 p.m.

(3) Plaintiff/Wife is permitted to proceed with Counts II, III, and IV of her amended complaint as they pertain to any claims which arose since the agreement was entered on March 26, 1987.