Commonwealth ex rel. DiValerio *v.* DiValerio, Appellant.

478

Argued March 20, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*Bernard R. Cohn,* for appellant.

*Vincent C. Veldorale,* for appellee, submitted a brief.

OPINION BY GUNTHER, J., July 19, 1951:

Relatrix filed her petition seeking support from her husband. After hearing, the court below entered an order requiring appellant to pay his wife the sum of $15 per week. The husband subsequently filed a peti-

tion for rehearing which was dismissed. This appeal by the husband followed.

The amount of the support order is not involved. Appellant contends that no order should have been entered for the reason that articles of separation entered into by the parties constituted a post-nuptial agreement; that the subsequent reconciliation of the parties did not abrogate such agreement; that the wife's release of future support contained therein constituted a full and complete bar to this action; that the court below erred in entering the support order now appealed from.

The parties were married on January 19, 1941 and separated on April 9, 1945, at which time they entered into Articles of Separation wherein the wife was to receive $700 in cash and certain furnishings valued at $2,500. The agreement also provided that the wife released and discharged her husband ". . . from all obligation of support and from all other claims, rights, and duties arising out of said marital relations." On March 13, 1948 the parties were reconciled and cohabited for approximately 17 months until August 19, 1950 when they again separated.

Whether the articles of separation constituted a post-nuptial agreement or merely a separation agreement depends upon the intent of the parties as gathered from all the facts. Where parties desire to settle and dispose of their respective property rights finally and for all time, such agreement should be construed as a post-nuptial agreement. *Commonwealth ex rel. Makowski v. Makowski,* 163 Pa. Superior Ct. 441, 444, 62 A. 2d 71. The subsequent reconciliation of the parties does not abrogate such a post-nuptial agreement. *Ray's Estate,* 304 Pa. 421, 156 A. 64. On the other hand, a separation agreement does not constitute, nor is it intended to constitute a full and final determination of the separate property rights of the parties; it

is customarily a surrender of the wife's right to support in consideration of some property settlement. Subsequent reconciliation and cohabitation presumably end a separation agreement. *Commonwealth ex rel. Makowski v. Makowski,* supra; *Henkel's Estate,* 59 Pa. Superior Ct. 633. Cf. *Restatement, Contracts* §384 (2) ; 6 Williston, Contracts, §1742, p. 4928. We have little difficulty in concluding that the Articles of Separation here involved did not constitute such a full and final determination of the property rights of the parties sufficient to warrant a conclusion that they constituted a post-nuptial settlement.

The real question for determination therefore is whether the reconciliation, the resumption of bed and board and the renewal by the husband of his obligation of support were sufficient to warrant a conclusion that the parties intended to abrogate the provisions releasing and discharging the husband from his obligations concerning the support of his wife. Ordinarily whether the parties have abandoned or abrogated their contract in such circumstances is a question of intent determined from their statements, their conduct, and all the surrounding circumstances. *Zlotziver v. Zlotziver,* 355 Pa. 299, 49 A. 2d 779; *Ray's Estate,* supra; *Commonwealth ex rel. Makowski v. Makowski,* supra. The reconciliation of the parties followed by the resumption of bed and board and the husband's renewal of support of his wife for a period of 17 months were wholly inconsistent with the provisions releasing and discharging the husband from his obligations for the support of his wife. It is clear that by such conduct the parties thereby indicated an intention of abandoning that provision of the contract relating to support. The court below did not err in so concluding.

The Articles of Separation also provided that "This agreement shall remain operative unless revoked in writing signed and acknowledged by both parties." Ap-

pellant contends finally that even if the agreement is deemed to be a separation agreement and not a postnuptial agreement there is no evidence that the parties, upon reconciliation, rescinded or cancelled the agreement by a written instrument as contemplated by the provision quoted above. It is always competent for a party to a contract to establish that it was subsequently abandoned as shown by actions of the parties inconsistent with its continued existence. *Zlotziver v. Zlotziver,* supra. The provision that the agreement remained operative unless revoked in writing did not prevent the parties from modifying, abandoning or cancelling it orally. Cf. *Cheponis' Estate,* 148 Pa. Superior Ct. 515, 25 A. 2d 779; 12 *Am. Jur. Contracts,* §432, p. 1012, *Restatement, Contracts,* §407.

Order affirmed.