525 P.2d 517 (1974)
In re the MARRIAGE OF Glenna I. HINES, Petitioner-Appellant, and
Roy S. Hines, Respondent-Appellee.
No. 73-291.
Colorado Court of Appeals, Div. I.
June 4, 1974.
Rehearing Denied June 18, 1974.
*518 Kuttler, Redman & Anderson, P. C., J. E. Kuttler, Aurora, for petitioner-appellant.
Bowman, Shambaugh, Geissinger & Wright, Arthur S. Bowman, Denver, for respondent-appellee.
Not Selected for Official Publication.
RULAND, Judge.
Petitioner (wife) appeals from orders relative to division of property contained in a decree of dissolution which awards to respondent (husband) the residence occupied by the parties and denied petitioner's claim for maintenance. We reverse.
The parties were married on June 3, 1962. On August 29, 1964, in anticipation of divorce, the parties entered into a written separation and property settlement agreement dividing their property. They later reconciled, and the marriage continued until March 8, 1973, when a decree of dissolution was entered as part of the instant case.
Upon consideration of the question of property division, the trial court concluded that the 1964 agreement was "controlling" as to assets still owned by the parties which were covered by that agreement. It appears from the record before us that the principal asset covered by that agreement was the residence occupied by the parties and possibly some furniture.
Neither the decree of dissolution nor the order entered by the trial court include the basis upon which the court made this determination, and the legal arguments and the court's comments relative to this issue are not contained in the record on appeal. We are informed by counsel for both parties that the trial court concluded the 1964 agreement was binding absent fraud, duress, or undue influence, and the parties conceded that none of these factors were present in connection with execution of the 1964 agreement. On the basis of the trial court's ruling on this issue, the parties stipulated in open court as to disposition of assets other than the residence and that neither party was entitled to spousal support. The stipulation was incorporated by reference into the decree of dissolution.
Wife contends that any property settlement negotiated by the parties is subject to the court's scrutiny in order to determine whether there was a "fair and equitable" distribution of property, and that the trial court erred in failing to make that determination in this case. However, 1971 Perm.Supp., C.R.S.1963, 46-1-12, provides that the court is authorized to set aside a stipulation dividing property only if the division is "unconscionable". In order to support a finding of unconscionability, there must be evidence of some overreaching *519 on the part of one of the parties which arises from an inequality of bargaining power or other circumstances in which there is an absence of intelligent choice together with contract terms which are unreasonably favorable to one party. See Williams v. Walker-Thomas Furniture Co., 121 U.S.App.D.C. 315, 350 F.2d 445, 18 A.L.R.3d 1297.
Here the stipulation for division of property was made in open court in the presence of counsel for both parties, and both parties acknowledged that they understood and agreed to its terms. It is apparent that wife's real complaint is directed to the court's ruling that the 1964 agreement (disposing of the residence) was controlling. There is no basis on the record before us to conclude that the stipulation made in open court is unconscionable. Under these circumstances, we hold that there is no requirement that the trial court make a specific determination that the stipulation is not unconscionable.
Wife asserts next that the trial court erred in determining that the 1964 agreement (disposing of the residence) was controlling without considering evidence to determine whether the parties intended to revoke this agreement by their reconciliation. We agree. In Larson v. Goodman, 28 Colo.App. 418, 475 P.2d 712, this court held that the issue of whether a property settlement agreement has been revoked by reconciliation of the parties is a question of fact to be determined by the trial court from the evidence. The party seeking to enforce the terms of the property settlement agreement has the burden of showing that the reconciliation has not abrogated the agreement.
Husband contends that the issue of the effect of the reconciliation was not timely raised because it was not asserted until wife's motion for rehearing. However, the trial court's ruling that the 1964 agreement was controlling effectively precluded consideration of the revocation issue. Under these circumstances, the case must be remanded for trial of this issue. See American Factors Associates, Ltd. v. Triangle Heating & Sheet Metal Co., 31 Colo.App. 240, 503 P.2d 163.
The judgment relative to division of property is reversed and the cause remanded for a trial on the issue of whether reconciliation of the parties revoked the 1964 agreement. If the trial court determines following such trial that there was no revocation, then the judgment which we here reverse shall be reentered by the trial court. If the trial court determines that the 1964 agreement was revoked by the reconciliation, then the stipulation shall no longer be binding upon the parties and the trial court shall conduct such hearings as may be necessary and enter appropriate orders relative to division of property and spousal maintenance pursuant to 1971 Perm.Supp., C.R.S.1963, 46-1-13 and 14.
PIERCE and SMITH, JJ., concur.