405 A.2d 1244

In re ESTATE of Wilson E. KESTER, Alias Dictus Wilson Ellis Kester, Alias Dictus W. E. Kester, Deceased (two cases).

Appeals of Myrtle KESTER, Claimant.

Supreme Court of Pennsylvania.

Argued March 6, 1979.

Decided Oct. 1, 1979.

Christ C. Walthour, Jr., Greensburg, for appellant.

Leonard R. Reeves, Latrobe, for appellee. .

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Wilson and Myrtle Kester were married in February 1964. Approximately eight months later, on September 23, 1964, the Kesters entered into a written postnuptial agreement prepared by Wilson's attorney and executed in the attorney's presence. In the agreement each agreed to waive the right to elect against the other's will. Myrtle Kester also agreed that she would devise whatever assets she received from Wilson's estate to his son by an earlier marriage. Similarly, Wilson agreed that if he survived Myrtle, he would bequeath and devise whatever he received from her estate to her brothers.[1] At the same time the postnuptial

---

1. The postnuptial agreement provided in part:

    "That the will of Wilson E. Kester shall provide that if he survives his wife he will devise, give and bequeath to the brothers of Myrtle Kester, Albert Brant and Oliver Brant, share and share alike, all of the property, real, personal, mixed or otherwise which he received or inherited from his wife, Myrtle Kester.

    "That the will of Myrtle Kester shall provide that if she survives her husband, Wilson E. Kester, she will devise, give and bequeath

agreement was signed, the Kesters executed wills. Each will reflected the terms of the agreement.

Wilson Kester died on October 18, 1976, leaving the will executed on September 23, 1964. In his will, admitted to probate on October 26, 1976, decedent left appellant, his widow, Myrtle, a life estate in his home and its furnishings. Appellee, decedent's son is the remainder beneficiary of the life estate. Decedent's will also directed that his son and widow share equally in the residuary estate.

Notwithstanding the terms of the 1964 postnuptial agreement, appellant filed notice of her election to take against decedent's will. See 20 Pa.C.S.A. § 2508. The estate petitioned for a rule to show cause why appellant's election should not be vacated. Appellant filed an answer averring that the agreement was invalid. A hearing was held before the Orphans' Court Division of the Court of Common Pleas of Westmoreland County. The court ruled that appellant was barred from testifying about the circumstances bearing on the postnuptial agreement by virtue of the Dead Man's Statute, Act of May 23, 1887, P.L. 158, § 5(e), 28 P.S. § 322,[2] that her testimony would be disregarded and that therefore, she had failed to meet her burden of proving that the

to the son of Wilson E. Kester, H. Wayne Kester, or if he is not living the daughter-in-law of Wilson E. Kester, Loretta Kester, all of the property, real, personal, mixed or otherwise which she received or inherited from her husband, Wilson E. Kester.

"That each party shall at all times have a will containing the provisions set forth above unless the surviving party during his or her lifetime transferred to the named beneficiary or beneficiaries the described property which he or she received or inherited from the other party.

"This agreement affects and governs only the disposition of the property which each party has or shall receive or inherit from the other party and shall have no effect or bearing upon the rights of the parties to devise, give or bequeath any other portion of their estate or to change the beneficiaries as to the remainder of his or her estate as long as the purpose of this agreement is provided for and the parties waive their right to take against any of the provisions provided for by this agreement."

2. The statute was recently reenacted as part of the new Judicial Code and now appears in substantially the same form at 42 Pa.C.S.A. § 5930.

postnuptial agreement was invalid. By decree nisi, dated October 5, 1977, the court granted appellee's motion to dismiss and set aside appellant's election to take against decedent's will. Appellant filed an appeal in this Court from the decree nisi. She also took timely exceptions to the nisi adjudication. Appellant filed a second appeal from the court's final decree dismissing the exceptions. By stipulation of the parties, both appeals have been consolidated for disposition by this Court.[3]

■ Appellant's contention that the orphans' court erroneously refused to admit and consider her testimony must fail. Cases interpreting the Dead Man's Statute do not support the appellant's position. The court did not err in excluding appellant's testimony. See *Baldwin Estate,* 447 Pa. 599, 290 A.2d 421 (1972), affirming 54 Erie Co.L.J. 145 (1970); *Gelb Estate,* 425 Pa. 117, 121, 228 A.2d 367, 370 (1968); *Snyder Estate,* 375 Pa. 185, 189, 100 A.2d 67, 69 (1953).

■ Appellant also contends that regardless of whether her testimony was admissible, the motion to dismiss should not have been granted. The governing law is clear. Antenuptial and postnuptial agreements are presumed valid and the burden of proof is upon the party seeking to invalidate the agreement. *Harris Estate,* 431 Pa. 293, 297, 245 A.2d 647, 649 (1968). "The person seeking to nullify or avoid or circumvent the Agreement has the burden of proving the invalidity of the Agreement by clear and convincing evidence that the deceased spouse at the time of the Agreement made neither (a) a reasonable provision for the intended Spouse, nor (b) a full and fair disclosure of his (or her) worth." *Hillegass Estate,* 431 Pa. 144, 150, 244 A.2d 672, 675 (1968).[4] Reasonableness of the provision for the survivor

---

3. The October 5, 1977, nisi adjudication was not a final order or decree of the orphans' court. Compare *Estate of McGrorey,* 474 Pa. 402, 378 A.2d 855 (1977) (nisi adjudication became final order where exceptions barred by local rule). The appeal from the nisi adjudication must therefore be quashed as interlocutory.

4. Appellant argues that *Ratony Estate,* 443 Pa. 454, 460, 277 A.2d 791, 794 (1971) modified the standard of proof established in *Hille-*

must be evaluated as of the time of the execution of the agreement and in light of the attending circumstances. *Kaufmann Estate,* 404 Pa. 131, 136, 171 A.2d 48, 51 (1961). Considerations include: "(a) the financial worth of the intended husband; (b) the financial status of the intended wife; (c) the age of the parties; (d) the number of children each has; (e) the intelligence of the parties; (f) whether the survivor aided in the accumulation of the wealth of the deceased spouse; and (g) the standard of living which the survivor had before marriage and could reasonably expect to have during marriage." *Hillegass,* supra, 431 Pa. at 150, 244 A.2d at 676.

▪ Appellant argues that the burden of proof should have been shifted to appellee because on the face of the agreement no provision of any nature was made for the surviving spouse. This contention must fail. *Lock Estate,* 431 Pa. 251, 255 n.1, 244 A.2d 677, 678 n.1 (1968), on which appellant relies, states that where the agreement itself makes no provision for the surviving spouse and the absence of full and fair disclosure is demonstrated by the claimant, the burden of proof will shift to the proponent of the agreement. See also, *Vallish Estate,* 431 Pa. 88, 94, 244 A.2d

*gass* and that proof of either the absence of a reasonable provision or the absence of full and fair disclosure is sufficient to meet appellant's burden of proof. First it should be noted that the language quoted by appellant in support of her position appears in an opinion announcing the judgment of the Court which only expresses the views of former Chief Justice Bell and of one other justice. Moreover, while it appears that the passage appellant quotes in her brief diverges from the *Hillegass* language, it is clear that the *Ratony* language does not represent the *Ratony* rationale nor affect a substantive change in the law. In another passage the *Ratony* opinion directly quotes the same language from *Hillegass* as is quoted here. *Ratony,* supra, 443 Pa. at 461, 277 A.2d at 795. The controlling language of *Hillegass* and *Ratony* clearly requires that both absence of a reasonable provision and absence of full and fair disclosure be proven by the party seeking to void the agreement. Additionally, even were the passage from *Ratony* quoted by appellant deemed controlling, appellant has misinterpreted it. The passage states that the appellant's burden of proof can be met by proving only the absence of a reasonable provision at the time of the agreement. Proof of only the absence of full and fair disclosure, however, would have been insufficient to shift the burden of proof.

745, 747 (1968). Here, however, appellant did not establish by clear and convincing evidence that her husband did not fully and fairly disclose the nature of his assets at the time of the agreement.

■ Finally, appellant urges this Court to rule that because the agreement on its face does not show that reasonable provision was made, or recite that decedent's assets were fully and fairly disclosed, the burden of proof must be placed upon appellees ab initio. Such a rule, however, is not necessary to protect the interests of the surviving spouse where, as here, at the time the agreement was entered into, decedent also executed a will leaving more than half of his estate to appellant. That will contemplated by the agreement and executed simultaneously with it, was the instrument probated as decedent's last will and testament. Indeed, decedent's testamentary gift to his wife of more than half of his estate is clearly a reasonable provision for his widow.

The appeal at No. 251 March Term, 1977, from the nisi adjudication is quashed. The appeal at No. 111 March Term, 1978, from the final decree is affirmed.

Each party pay own costs.