## Hertzog v. Hertzog

*Barbara H. Guenther,* for plaintiff.
*Joseph M.A. Nelabovige,* for defendant.

EHRLICH, *J.,* March 3, 1995—The issue in this case is whether the parties' postnuptial agreement prevents plaintiff from receiving spousal support and/or alimony pendente lite.

Prior to the scheduled support conference, husband filed a petition for special relief in the parties' divorce action, requesting the court to enjoin the domestic relations section from proceeding on wife's claims for spousal support and alimony pendente lite, based upon an alleged postnuptial agreement. The court declined to issue an injunction for procedural reasons. Accordingly, a support conference was held, and since no agreement was reached, a hearing was scheduled before a Domestic Relations Hearing Officer. The Hearing Officer recommended APL in the amount of $50 per week, to which husband filed timely exceptions. The matter was briefed and argued and is ready for disposition.

There is no dispute as to the existence of a postnuptial agreement between the parties, waiving the right to claim spousal support, alimony, and APL. The agreement was signed on April 3, 1989, in contemplation of a permanent separation and subsequent divorce. Husband filed the complaint in divorce on April 10, 1989. Wife filed objections to the entry of a divorce decree on July 21, 1989. Nothing more was done until April 12, 1991, when husband filed a section 3301(d) affidavit

alleging that the parties had been separated for two years; shortly thereafter, wife filed a counter-affidavit. The postnuptial agreement was filed on May 15, 1991. The parties never finalized the divorce, and in August 1991, wife moved back into the marital residence with husband. (N.T. 7.) Wife testified that the reconciliation lasted approximately two years (N.T. 7), and that she thought the reunification was "for the rest of our lives." (N.T. 9.)

Husband subsequently left the marital residence and on September 27, 1993 wife filed a counterclaim in the divorce action, including claims for spousal support and APL.

Wife testified that between 1991 and 1993, while the parties resided together, they never discussed the previously signed postnuptial agreement, but did discuss their future together. (N.T. 11, 14.) The issue to be decided is whether the postnuptial agreement was abandoned or cancelled by the parties' subsequent reconciliation.

Postnuptial agreements are contracts and are presumed to be valid. The burden is on wife to prove that the agreement is not valid. *Wolfe v. Wolfe,* 341 Pa. Super. 313, 491 A.2d 281 (1985).

Wife believes that the reconciliation for approximately two years after the postnuptial agreement was signed should be construed as an abandonment of the agreement.

It is clear that the subsequent reconciliation of the parties to a postnuptial agreement does not abrogate the agreement. *Commonwealth ex rel. DiValerio v. Di-Valerio,* 169 Pa. Super. 477, 82 A.2d 687 (1951), citing *Ray's Estate,* 304 Pa. 421, 156 A.64 (1931).

The fact that the parties did not pursue the divorce contemplated by the agreement also does not constitute abandonment of the agreement by the parties. The agreement itself provides:

"Nothing contained in this agreement shall be construed to affect or bar the right of either husband or wife to a divorce. This agreement shall not be impaired, but shall continue in full force and effect and be binding and conclusive upon the parties regardless of whether or not any suit is instituted or concluded." (P.N.A. paragraph 18.)

The language of the agreement therefore includes the possibility that the parties would not be divorced. Where the words of an agreement are clear, the court cannot ignore the terms because they may turn out to be less advantageous to a party than anticipated.

Wife argues that the parties' subsequent reconciliation and their actions incident thereto imply an abandonment of the contract. Specifically, wife moved back into the marital residence, although the agreement required her to relinquish her right, title, and interest in the property; also, the child custody arrangements deviated from those contained in the PNA.

Property settlement agreements in a divorce action are enforceable by applying principles of contract law. *Luber v. Luber,* 418 Pa. Super. 542, 614 A.2d 771 (1992). This agreement specifically states: "[A]ny modification or waiver of any of the provisions of this agreement shall be effective only if made in writing and executed with the same formality as this agreement." (Paragraph 22.) The parties' intent at the time the contract was signed is clear. It is undisputed that no written waiver or modification of the agreement was executed. The agreement could not be modified (or abandoned) absent the specified formality. Neither party attempted to revise

or invalidate the agreement. We therefore find that the postnuptial agreement was not abandoned and that it remains in effect.

The proposition that a reconciliation will void a post-nuptial agreement cannot be advanced on public policy grounds, since it would discourage and inhibit potential reconciliations. Persons who have gone through the pain and expense of negotiating a PNA might be reluctant to give a marriage another chance if they knew it meant having to start all over with financial issues if the reconciliation failed.

We therefore enter the following order:

## ORDER

And now, March 3, 1995, plaintiff's claims for spousal support and alimony pendente lite are dismissed, and the temporary APL order is vacated.