Zachary WAREHAM and Jeremiah Wareham, by their Guardians Ad Litem, Ira G. TROUT, Jr., and Marilyn N. Trout, his wife,

v.

Gregory C. WAREHAM, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 10, 1998.

Filed Aug. 31, 1998.

James A. Wells, Greensburg, for appellant.

Thomas J. Godlewski, Greensburg, for appellees.

Before FORD ELLIOTT, MUSMANNO and HESTER, JJ.

FORD ELLIOTT, Judge:

Appellant Gregory C. Wareham comes before us challenging the trial court's order dated June 24, 1997 which granted appellees' motion for judgment on the pleadings. We affirm.

A review of the factual history, taken from the trial court opinion, follows:

> From the pleadings, it appears that Gregory and Jody Lynn Wareham were husband and wife when Gregory was injured in the state of New York, and also when he instituted suit there to recover damages for his personal injuries. During the pendency of the New York action, Jody Lynn filed for divorce here. In conjunction with the Westmoreland County divorce action, the parties entered into a consent decree signed by the Honorable Charles E. Marker on August 13, 1993, which, in part, provided:
>
> > 5. There presently is pending a Civil Action in the State of New York result-

ing from a personal injury to the defendant/husband. The defendant/husband agrees to split any personal injury proceeds he may receive equally between himself and his minor children of the parties' marriage. The minor children's share shall be held in Trust for them by the plaintiff/wife, until the minor children reach the age of eighteen (18) years. Any loss of consortium claim received by the plaintiff/wife as a result of said suit shall be the sole property of the plaintiff/wife.

> Jody Lynn Wareham died on September 15, 1995. After her death, the administrators of her estate and the defendant, Gregory Wareham, agreed to settle the personal injury action with the defendant in New York for the sum of $222,493. However, Gregory Wareham has refused to honor the terms of the consent decree by paying half of the settlement to a trustee for the benefit of his minor children, Zachary and Jeremiah. The sole basis for his refusal to do so is his claim that the terms of the consent order were cancelled by his remarriage to Jody Lynn at common law after their divorce. One-half of the proceeds from the settlement of the personal injury action has been placed in trust pending the outcome of the present action in equity.

Trial court opinion, 6/24/97 at 1–2.

Procedurally, this action was commenced by the filing of a complaint in equity by the appellees to enforce the terms of the consent order. Appellees are the minor children of Gregory and Jody L. Wareham who are represented by their maternal grandparents. Appellant filed an answer and counterclaim wherein he alleged that the subsequent common law remarriage between himself and Jody L. Wareham canceled the provisions of the consent order. Appellees filed a motion for summary judgment or in the alternative a motion for judgment on the pleadings. The trial court granted appellees' motion for judgment on the pleadings and ordered that the sum of $111,246.65 plus interest be held in trust for the minor appellees. In reaching its decision, the trial court determined that the post-divorce reconciliation had no effect

on the property rights of the parties; nor did the remarriage affect the separate rights conferred upon their children by the consent order. (Trial court opinion, 6/24/97 at 6.) This appeal followed.

Appellant presents a single argument for our review:

Whether parties to a marital property settlement agreement can modify the terms of the agreement where they subsequently remarry.

Appellant's brief at 3.

We employ the following standard when reviewing the grant of judgment on the pleadings:

A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law. Thus, '[i]n reviewing a trial court's decision to grant judgment on the pleadings, the scope of review of the appellate court is plenary; the reviewing court must determine if the action of the trial court was based on a clear error of law or whether there were facts disclosed by the the [sic] pleadings which should properly go to the jury.' An appellate court must accept as true all well-pleaded facts of the party against whom the motion is made, while considering against him only those facts which he specifically admits.... Only when the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.

*Swartz v. Swartz*, 456 Pa.Super. 16, 19–20, 689 A.2d 302, 303–304 (1997).

We begin by noting that the document referred to as a consent order is actually a post-nuptial agreement between appellant and Jody L. Wareham. Appellant does not dispute this fact. The agreement addresses, among other things, the division of marital property, life insurance policies, spousal support, alimony, and the placement of funds from appellant's personal injury case in trust for his children. Paragraph No. 23 of the agreement states:

This order shall serve as a final marital settlement agreement, and no other writing shall be necessary.

Paragraph 24 of the agreement states:

This Order shall be incorporated and made part of the decree in divorce for the purposes of enforcement only and *shall not merge in the Decree and shall maintain its independent contractual status.* (emphasis added)

■ Given the express language of paragraph 24, that the agreement be incorporated but not merged into the divorce decree, the agreement survives as an independent contract which is not subject to modification and is enforceable by traditional contract remedies. *Nessa v. Nessa*, 399 Pa.Super. 59, 581 A.2d 674 (1990).

The issue before us is whether the subsequent remarriage of the parties nullifies the terms of the agreement. Appellant argues that the parties' remarriage abrogates the post-nuptial agreement. In so arguing, appellant can only cite to two cases from other jurisdictions: *Thomas v. Thomas*, 571 So.2d 499 (Fla.Dist.Ct.App. 1st Dist.1990), and *In re Marriage of Hines*, 525 P.2d 517 (Colo.Ct. App.1974). In *Thomas, supra,* the parties married, divorced, and remarried. During the pendency of the divorce action, the parties entered into a property settlement agreement. A few years after the remarriage, husband filed for divorce. Wife filed an answer and counter-petition in which she sought alimony and equitable distribution. Additionally, wife sought to abrogate the earlier property settlement agreement. The trial court refused to set the agreement aside. On appeal, the appellate court reversed the trial court and held that the property settlement agreement should be considered void by virtue of the parties' remarriage to each other. Our research reveals, however, that *Thomas, supra,* has been overruled by *Cox v. Cox*, 659 So.2d 1051 (Fla.1995) wherein the Florida supreme court held that executed provisions of a final judgment are undisturbed by the remarriage or reconciliation of the parties. Thus, *Thomas* is of no help to appellant.

In *In re Marriage of Hines, supra,* the parties were married in 1962. In 1964, in

anticipation of divorce, the parties entered into a separation and property settlement agreement. They later reconciled and the marriage continued until 1973 when a decree of dissolution was entered. Wife sought to set aside the property settlement agreement. The trial court found the agreement controlling as to assets still owned by the parties that were covered by the agreement. On appeal, the Colorado appellate court reversed the trial court on this issue and remanded for a trial on the issue of whether the reconciliation of the parties revoked the 1964 agreement.

We find *Hines, supra,* factually distinguishable from the present case. In *Hines, supra,* the parties entered into a separation and property settlement agreement but did not divorce. Rather, the parties reconciled and stayed together for approximately nine years before divorcing. The question then was whether the agreement had any effect since the parties reconciled and did not divorce until nine years later. Instantly, appellant and Jody L. Wareham entered into a post-nuptial agreement at the time they divorced. Even though the Warehams subsequently remarried, the post-nuptial agreement became a binding contract when their initial divorce took place.

In *Commonwealth ex rel. DiValerio v. DiValerio,* 169 Pa.Super. 477, 82 A.2d 687 (1951), we discussed the difference between a separation agreement and a post-nuptial agreement and their effect on property rights.

> Where parties desire to settle and dispose of their respective property rights finally and for all time, such agreement should be construed as a post-nuptial agreement. *The subsequent reconciliation of the parties does not abrogate such a post-nuptial agreement.* On the other hand, a separation agreement does not constitute, nor is it intended to constitute a full and final determination of the separate property rights of the parties; it is customarily a surrender of the wife's right to support in consideration of some property settlement. Subsequent reconciliation and cohabitation presumably end a separation agreement.

*Id.* at 479–80, 82 A.2d at 688 (citations omitted) (emphasis added).

The *DiValerio* court was clear in drawing a distinction between a separation agreement and a post-nuptial agreement where the parties settle and dispose of their respective property rights.

Appellant argues *DiValerio* does not apply to this case. We agree the actual facts of *DiValerio* would not apply. The parties in *DiValerio* entered into a separation agreement and then subsequently reconciled. We affirmed the trial court's holding that the separation agreement was abrogated by the reconciliation. Herein, the parties signed a post-nuptial agreement, divorced, and later remarried. Appellant maintains that the parties' remarriage sets his case apart from the analysis provided by the *DiValerio* court. Specifically, appellant focuses on the fact that he and Jody L. Wareham remarried rather than reconciled. However, the *DiValerio* court did not state that a remarriage would void a post-nuptial agreement where a reconciliation would not.

The *DiValerio* analysis distinguishing separation agreements from post-nuptial agreements that are complete property settlements was later used in *Wolfe v. Wolfe,* 341 Pa.Super. 313, 491 A.2d 281 (1985). In *Wolfe, supra,* wife argued that she and her husband continued their marital relationship after signing a post-nuptial agreement. Wife claimed that such activity abrogated their agreement. We affirmed the trial court's determination that the agreement signed by the parties was a complete property settlement agreement rather than a mere separation agreement providing for support, and under these circumstances, any subsequent reconciliation of the parties does not affect the validity of the agreement.

It appears that our case law has not addressed the effect of a remarriage after the execution of a post-nuptial agreement that has disposed of all property rights between the parties. We believe that when a post-nuptial agreement is a complete property settlement agreement and maintains its independent contractual status as is the case instantly, then any subsequent reconciliation

or remarriage of the parties does not abrogate the agreement.

Additionally, appellant posits that property settlement agreements are governed by general rules of contract, *Matlock v. Matlock*, 444 Pa.Super. 507, 664 A.2d 551 (1995), and under general contract principles, a rescission of a contract may be inferred from the parties' acts and declarations and is an issue for the fact-finder to resolve. *Johnston v. Johnston*, 346 Pa.Super. 427, 499 A.2d 1074 (1985). Thus, appellant argues he should be afforded an opportunity to demonstrate it was the parties' intention to abrogate their agreement. (Appellant's brief at 7). We disagree.

This matter is before us as a result of the trial court's granting of appellees' motion for judgment on the pleadings. Nowhere in the pleadings filed by appellant does he allege that he and Jody L. Wareham intended to abrogate their agreement. Rather, appellant consistently claimed that the parties' remarriage in and of itself nullified their agreement. We believe, based on the pleadings, the trial court's decision was correct.

Also, we note that our review of the agreement indicates that appellant ignores the plain language of the agreement regarding modification or waiver. In relevant part, the agreement states:

> 9. Any modification or waiver of any of the provisions of this Consent Order shall be effective only if made in writing and executed with the same formality as this Consent Order.

The record fails to reveal that a writing exists which nullifies the agreement. Also, we note that nowhere in appellant's answer to the complaint and counterclaim does he allege an intent to nullify the agreement by either party. Rather, appellant consistently argues the remarriage nullified the agreement.

Next, appellant argues that the trial court incorrectly determined that the children became third party donee beneficiaries and are entitled to the enforcement of the agreement. Appellant argues that if a third party beneficiary does not materially change his position in reliance of the agreement, then it can be modified. Appellant, again, relies on an out of state case, *Karo v. San Diego Symphony Orchestra Association*, 762 F.2d 819 (1985) in support of his position.

We need not look to other states for instruction as our supreme court has addressed this area of the law. In *Biggins v. Shore*, 523 Pa. 148, 565 A.2d 737 (1989), the court clearly held that the rights of a donee beneficiary of the original contract vested indefeasibly upon the execution of the contract and could not be destroyed by a subsequent modification of the contract by the contracting parties. This rule is expressed in the Restatement of Contracts, § 142, which is an accurate statement of the law as it has existed and continues to exist in Pennsylvania. Thus, appellant's argument herein will not succeed.

Accordingly, the order of the trial court is affirmed.